CV 13                    3963

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHARLES MANZO,                                  **COMPLAINT**

                          *Plaintiff,*          Jury Trial Demanded

        -against-
                                                **BIANCO, J.**
STANLEY BLACK & DECKER, INC. and
WOLFE MACHINERY CO.,                            **WALL, M.J.**

                          *Defendants.*
-----------------------------------------------------------------------X

Plaintiff, through counsel, Certain & Zilberg, PLLC, CHARLES MANZO, respectfully alleges
the following:

## INTRODUCTION

This is an action for damages arising from severe and disfiguring personal injuries suffered by
Plaintiff while operating a table saw manufactured, sold and distributed by defendants
STANLEY BLACK & DECKER, INC. (hereinafter "STANLEY BLACK & DECKER") and
WOLFE MACHINERY CO. (hereinafter "WOLFE").

## PARTIES

1. Plaintiff CHARLES MANZO is a natural person who resides in the County of Suffolk,
   State of New York.

2. Upon information and belief, STANLEY BLACK & DECKER is a corporate entity
   created and operating under that laws of the State of Connecticut, maintaining its
   principal place of business at 1000 Stanley Drive, New Britain, Connecticut, 06053.

3. At all relevant times, STANLEY BLACK & DECKER designs, manufactures, distributes
   and/or sells power tools, including radial arm saws under the brand name "DeWalt," a
   trademark registered to STANLEY BLACK & DECKER.

4. Upon information and belief, WOLFE is a corporate entity created and operating under
   that laws of the State of Iowa, maintaining its principal place of business at 6300
   Northwest Beaver Drive, Johnson, Iowa, 50131.

1

5. At all relevant times, WOLFE remanufactures, refurbishes, reconditions, distributes power tools, including radial arm saws under the DeWalt trademark.

## JURISDICTION AND VENUE

6. Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. §1332, in that: Plaintiff is a citizen of the State of New York; Defendant STANLEY BLACK & DECKER, upon information and belief, is incorporated in the State of Connecticut also having its principal place of business within the State of Connecticut; Defendant WOLFE, upon information and belief, is incorporated in the State of Iowa also having its principal place of business within the State of Iowa; and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7. Venue is based on 28 U.S.C. §1391(a) given that a substantial part of the events giving rise to the claim occurred within this Jurisdictional District.

## FACTS

8. Defendants are the designers, manufacturers, inspectors, testers, servicers, remanufactures, suppliers, sellers, assemblers and/or distributors of a certain DeWalt 16" Radial Arm Saw, a Model Number 3526 Type 4 (hereinafter the "DeWalt Saw") and had distributed, supplied, sold and/or otherwise placed the subject machine in the stream of commerce.

9. The subject DeWalt Saw bears labeling and commercial marks of defendant STANLEY BLACK & DECKER and WOLFE.

10. Defendant STANLEY BLACK & DECKER is a regular seller of radial arm saw products who has held itself out to the public as possessing special knowledge and expertise concerning the design of radial arm saw products.

11. Defendant WOLFE is a regular seller of radial arm saw products who has held itself out to the public as having special knowledge and expertise concerning the refurbishing and reconditioning of radial arm saw products.

12. Upon information and belief the subject DeWalt Saw was refurbished, reconditioned, distributed and sold by Defendant WOLFE.

2

13. Prior to the July 12, 2010 incident that is the subject of this action, Plaintiff's employer purchased the subject DeWalt Saw.

14. Upon information and belief, Defendants' DeWalt Saw reached Plaintiff's employer and was used on July 12, 2010 by Plaintiff in substantially the same condition in which it was sold and/or distributed by the Defendants.

15. Upon information and belief, prior to the July 12, 2010 incident that is the subject of this action, Plaintiff's employer did not modify, change and/or alter the subject DeWalt Saw.

16. On or about July 12, 2010, during the course of his employment, Plaintiff was operating the subject DeWalt Saw when the subject DeWalt Saw unexpectedly and rapidly pulled the woodwork and Plaintiff's guide hand into the activated saw blade.

17. As a result of the above incident significant portions of Plaintiff's index and middle fingers were amputated.

## COUNT I
## (NEGLIGENCE)

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs above and incorporates the same as if fully set forth herein.

19. Defendants negligently and carelessly designed, manufactured, assembled, refurbished, reconditioned, distributed, sold and/or tested the subject DeWalt Saw in that the Defendants permitted the subject DeWalt Saw to enter the stream of commerce without adequate and reasonable safety features and components, including but not limited to the lack of adequate guarding, warnings and instructions.

20. Defendants were further negligent in their failure to satisfy their continuing product safety duties towards said DeWalt Saw including but not limited to the failure to retrofit said saw with adequate safety features and the failure to issue post sale warnings.

21. As the direct and proximate result of defendants' said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, suffered disfigurement, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

3

## COUNT II
## (BREACH OF WARRANTY)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs above and incorporates the same as if fully set forth herein.

23. Defendants issued an express warranty that covered the subject DeWalt Saw and warranted that the said DeWalt Saw was free from defects.

24. Defendants impliedly warranted that the aforesaid DeWalt Saw was merchantable and fit for a particular purpose and for the ordinary purpose for which the product is used and that proper and adequate warnings and safeguards respecting the dangers and hazards associated with the use of the product were provided.

25. Plaintiff relied on defendants' warranties.

26. Defendants breached the above warranties in that the subject product was defective and unreasonably dangerous.

27. As the direct and proximate result of the defendants' said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, suffered disfigurement, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III
## (STRICT PRODUCTS LIABILITY)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs above and incorporates the same as if fully set forth herein.

29. The subject product is defective in design, manufacture and component materials and parts in that defendants failed to implement sufficient and effective safety mechanisms, including adequate and/or interlocking guarding.

30. The subject product is further defective in that the inadequacy and inaccuracy of accompanying instructions, labels, diagrams and warnings failed to properly and

4

adequately warn and/or instruct users concerning the dangers and hazards attendant to the subject product.

31. The subject product, by reason of the aforesaid, was unfit for its intended and foreseeable uses and was therefore unreasonably dangerous to its intended and anticipated users.

32. As the direct and proximate result of the Defendants' said failures in designing, manufacturing and offering the said product for sale, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, suffered disfigurement, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, Plaintiff demands judgment against the defendants Stanley Black & Decker and Wolfe in Strict Product Liability, Breach of Warranty, and Negligence in a sum not to exceed SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000) together with interest, costs, disbursements, punitive damages and attorney's fees and such other and further relief as the court may deem just and equitable.

Plaintiff further reserves the right to interpose a claim for Unfair and Deceptive Trade Practices pursuant to New York State General Business Law § 346, Unfair and Deceptive Trade Practices.

Jury demand: The Plaintiff demands a trial by jury on all issues so triable.


Dated: New York, New York
        July 10, 2013                            Respectfully Submitted,



                                                 Gary Certain, Esq. [GC-7509]
                                                 Certain & Zilberg, PLLC
                                                 Counsel for the Plaintiff
                                                 CHARLES MANZO
                                                 909 Third Avenue, 28th Floor
                                                 New York, New York 10022
                                                 Telephone: (212) 687-7800
                                                 E-Mail gcertain@certainlaw.com

TO:

STANLEY BLACK & DECKER, INC
1000 Stanley Drive
New Britian, Connecticut 06053

WOLFE MACHINERY CO.
6300 Northwest Beaver Drive
Johnson, Iowa 50131

6