UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHARLES MANZO,

                               Plaintiff,                    **ORDER**
                                                                           CV 13-3963 (JFB) (SIL)

   -against-

STANLEY BLACK & DECKER INC.,
BLACK & DECKER (U.S.) INC., and
WOLFE MACHINERY CO.,

                               Defendants.
----------------------------------------------------------X
**LOCKE, Magistrate Judge:**

      Presently before the Court in this personal injury case is Defendant Stanley Black & Decker, Inc.'s ("Black & Decker" or "Defendant") motion to compel a complete response to an interrogatory seeking identification of a non-testifying expert-photographer and individuals present when certain photographs were taken. Docket Entry [42]. The moving papers are careful to state that Defendant seeks the identities of these individuals for the purpose of questioning, as distinguished from compelling one or more depositions. For the reasons set forth below, the motion to compel production of this information is granted.

*Relevant facts*

      The relevant facts for the purposes of Black & Decker's motion, taken from the Amended Complaint, are as follows. Plaintiff Charles Manzo is a resident of Suffolk County. Defendants are in the business of designing, manufacturing, distributing and/or selling power tools, including radial arm saws bearing the trademark "DeWalt." At some point during the time period relevant to his claims, Plaintiff's employer purchased a DeWalt radial arm saw. On or about July 12, 2010, while operating this saw during the course of him employment, Manzo injured his hand such that

portions of his index and middle fingers were amputated. Based on these events Plaintiff brings claims against Defendants for negligence, breach of warranty, and products liability.[1]

***Black & Decker's motion to compel***

During the course of discovery, Plaintiff served his initial disclosures, including a set of photographs. After receiving these photographs, Black & Decker served Plaintiff with its Second Set of Interrogatories, containing the following single interrogatory at issue in this motion:[2]

1. With respect to the four photographs attached hereto as Exhibit A (which photographs were produced as part of Plaintiff's Initial Disclosure) set forth the following for each photograph:

    a. Date the photograph was taken;

    b. Identity of the photograph[er];

    c. Place photograph was taken;

    d. Names of all persons present at the time the photograph was taken.

In response, Plaintiff provided the dates of the photographs and the respective locations for each. Photographs 1, 2, and 3 were taken on September 19, 2011, and photograph 4 was taken on August 25, 2011. Defendant Black & Decker however, had not been able to inspect the saw until June 18, 2014, almost a year after this lawsuit was filed on July 12, 2013, and this inspection took place at different location from where Plaintiff's photographs had been taken, the saw having been taken apart and reassembled. There were also two other photographs taken by OSHA shortly after the accident which Defendant apparently has copies of, characterizing them as "poorly taken."

---

[1] The Court notes that since the commencement of this action cross-claims and third-party claims have been brought against other parties. These claims are not relevant to the present motion.

[2] The interrogatories are attached to the moving papers at Tab A and are entitled "Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc.'s Second Set of Interrogatories."

Further, according to the moving papers, shortly after the OSHA photographs were taken changes were made to the saw guard prior to the photographs at issue here.

Plaintiff objected to providing the identities of the photographer(s) and persons present "to the extent that the subject requests can be interpreted to impermissibly call for the identification of consulting experts not designated to offer expert testimony at trial." Black & Decker now seeks to compel production of this information so that it can "question the photographer(s)."

*Discussion*

The parties agree that Plaintiff's motion is governed by Fed. R. Civ. P. 26(b)(4)(D), which provides:

> *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only . . . (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

This rule is intended to be a renumbered version of former Fed. R. Civ. P. 26(b)(4)(B). *See* Fed. R. Civ. P. 26 (Adv. Comm. Notes, 2010 Amendments). Although the case law is not entirely uniform, the majority of courts hold that the identities of non-testifying experts, as opposed the "facts known or opinions held" by such experts, is governed by Fed. R. Civ. P. 26(b)(1), providing for discovery of the "identity and location of persons who know of any discoverable matter," as opposed to (b)(4)(B), now (b)(4)(D). As a result, identity information is discoverable without a showing of "exceptional circumstances." *See Baki v. B.F. Diamond Constr. Co.*, 71 F.R.D. 179, 181-82 (D. Md. 1976) ("This court . . . concludes that the names and addresses, and other identifying information, of experts, who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial, may be obtained through properly framed interrogatories without any special showing of exceptional

3

circumstances in the absence of some indication that such information by reason of facts peculiar to the case at issue, is irrelevant, privileged, or for some other reason should not be disclosed"); *see also Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 440, 441-42 (D.N.J. 2007) (citing, *Baki*, 71 F.R.D. at 181-82, and *Arco Pipeline v. S/S Trade Star*, 81 F.R.D. 416, 417 (E.D. Pa. 1978) (noting that some courts allow disclosure of an expert's identity "upon a simple showing of relevance")); *but see Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (requiring a showing of exceptional circumstances).

The Court agrees with the reasoning in *Baki* and concludes that the identities of the photographer(s) and others present at the time the photographs were taken are discoverable. It appears from both the moving and opposition papers that the saw at issue in Plaintiff's injuries was modified on several occasions since he was injured and prior to the commencement of this litigation. It is logical to conclude that the review of evidence, including photographs relating to the saw during this time period, and the identities of the photographer(s) and individuals present, is discoverable under Fed. R. Civ. P. 26(b)(1), as that evidence is relevant information reasonably calculated to lead to admissible evidence at trial. Accordingly Black & Decker's motion to compel complete responses to Interrogatory 1 is granted.[3]

*Conclusion*

For the reasons set forth above, Defendant's motion to compel is granted.

Dated: Central Islip, New York
January 9, 2015

SO ORDERED:

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

---

[3] Because the Court grants Defendant's motion in reliance on *Baki*, the Court does not address Black & Decker's waiver argument.