**U.S. Department of Labor**  201 Varick Street, Room 983
**Office of the Solicitor**    New York, NY 10014
                               Fax:    (646) 264-3660



Reply to the Attention of:    SOL:DCS:GG
                              (646) 264-3654

May 19, 2015

<u>**BY EMAIL AND FIRST CLASS MAIL**</u>

Gary Certain, Esq.
Certain & Zilberg, PLLC
909 Third Avenue, 28th Floor
New York, New York 10022

Re:   Subpoena to Compel Non-Party Depositions and Production of Things
      Manzo v. Stanley Black and Decker et al, Civil Action File No. 13-CV-3963

Dear Mr. Certain:

This is in response to your Non-Party Deposition and Production Subpoena, addressed to the Long Island Area Office of the Occupational Safety and Health Administration ("OSHA"), a component of the United States Department of Labor ("DOL" or the "Government"), served at that office on or about April 9, 2015.

I have advised you on at least two occasions that there are regulatory prerequisites to obtaining information from employees of federal agencies. The DOL, like all federal agencies, has broad discretion to determine whether to authorize its employees to produce agency documents in matters, such as this one, in which the Government is not a party. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil*, 873 F.2d at 70; 29 C.F.R. § 2.21 *et seq*. The procedural and substantive factors governing the DOL's determination are set forth in the agency's so-called "*Touhy*" regulations. *See* 29 C.F.R. § 2.21 (the "DOL *Touhy* regulations"). As a component of DOL, disclosure of official information by OSHA, and its past and present employees, is governed by applicable DOL *Touhy* regulations.

Courts have recognized that the *Touhy* regulations serve the legitimate purpose of conserv[ing] governmental resources where the United States is not a party to a suit and . . . minimiz[ing] governmental involvement in controversial matters unrelated to official business. *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir. 1989). Such regulations also serve to centraliz[e] determinations [within the agency] as to whether subpoenas . . . will be willingly obeyed or challenged, thereby avoiding Athe possibilities of harm from unrestricted disclosure in court. *Touhy*, 340 U.S. at 468. The validity of the *Touhy* regulations has consistently been upheld by the United States Supreme Court and courts in numerous jurisdictions. *See id*. Accordingly, any response to your request for documents is governed by the *Touhy* regulations.

DOL *Touhy* regulations generally prohibit its employees, or former employees, from furnishing any information, either documentary or testimonial, in response to a subpoena or demand without the approval of the appropriate Deputy Solicitor of Labor. *See* 29 C.F.R. Part 2, Subpart C.  To assist the Deputy Solicitor in assessing the propriety of lifting the prohibition and authorizing the release of information, DOL's regulations further provide that the party issuing the subpoena or making the demand must furnish the Solicitor's Office with a written summary of the information sought and its relevance to the proceeding in connection with which it was served.  *See* 29 C.F.R. § 2.21.  The Deputy Solicitor must weigh the party's "need for the testimony [or documents] against the adverse effects on the Department of Labor's concerns." *Baker v. United States Dep't of Labor*, 31 F. Supp. 2d 985, 987 (S.D. Fla. 1998).  DOL's concerns include "centralizing the dissemination of information of the agency (e.g. restricting investigators from expressing opinions on policy matters), minimizing governmental involvement in controversial matters unrelated to official business and avoiding the expenditure of government time and money for private purposes."  *Id.*

To overcome these public policy concerns, the party requesting information must demonstrate "the information sought is both relevant and essential to the presentation of his or her case, there are not reasonable alternative means for acquiring the information sought, and that a significant injustice would ensue if the desired testimony or records were not to be made available." *Herr v. McCormick Grain-The Heiman Co.,* 1994 WL 324558, *2 (D. Kan. June 28, 1994).

As of this date, you have not complied with DOL's *Touhy* regulations.  Nonetheless, as a courtesy, we have decided to send you the entire unredacted case file.  However, we decline to produce any Department of Labor employee to testify because you have made no showing that "there are compelling circumstances which outweigh the public interest served by the regulations."  *Baker* , *supra*, 31 F. Supp. 2d  at 988.

In light of the foregoing, the Government objects to the subpoena insofar as it seeks deposition testimony from a Department of Labor employee.  However, if you provide the required information to this office, we will promptly consider your request and determine whether the prohibition should be lifted based on compelling circumstances.  Please feel free to contact me if you have any questions concerning this matter.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor

By:     /s/

    Diane C. Sherman
    Counsel for Occupational Safety and Health

cc:     Rukhsanah Singh, AUSA, U.S. Attorney's Office, Eastern District of New York