UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES MANZO,                                             **13-CV-3963 (JFB)(WDM)**

          *Plaintiff*,   **Honorable Steven I. Locke**

 -against-

STANLEY BLACK & DECKER, INC.,
BLACK & DECKER (U.S.) INC. and
WOLFE MACHINERY CO.,

          *Defendants*.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NON-PARTY OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

CONCLUSION ............................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**CASES** **PAGES**

*Abdou v. Gurrieri*, 2006 WL 2729247 (E.D.N.Y. 2006) ............................................................. 3, 4

*United States Envtl. Protection Agency v. General Elec. Co.*,
197 F.3d 592 (2d Cir. 1999) ............................................................................................................ 3

*United States Envtl. Protection Agency v. General Elec. Co.*,
212 F.3d 689 (2d Cir. 2000) ............................................................................................................ 3

*In re S.E.C. ex rel Glotzer*, 374 F.3d 184 (2d Cir. 2004) ............................................................. 2, 3

*Johnson v. Bryco Arms* 226 F.R.D. 441 (E.D.N.Y 2005) ................................................................. 4

*Solomon v. Nassau County*, 274 F.R.D. 455 (E.D.N.Y. 2011) ........................................................ 4

*U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ....................................................................... 2, 3

**STATUTES** **PAGES**

5 U.S.C. § 706 .................................................................................................................................. 3

5 U.S.C. § 706(2)(A) ....................................................................................................................... 3

29 C.F.R. § 2.21 ............................................................................................................................... 3

29 C.F.R. § 2.22 ............................................................................................................................... 3

Plaintiff, by and through counsel of record, Certain & Zilberg, PLLC, submits this Memorandum in Support of Plaintiff's motion to compel compliance by the Occupational Safety and Health Administration (hereinafter "OSHA") with Plaintiff's subpoena dated March 27, 2015.

**PRELIMINARY STATEMENT**

Plaintiff Charles Manzo (hereinafter "Mr. Manzo" or "Plaintiff") commenced this action as a result of serious injuries sustained by a defective DeWalt 16" Radial Arm Saw, a Model Number 3526 Type (hereinafter "the subject saw"). *See* Plaintiff's Exhibit 1. The subject saw was designed, manufactured, distributed, and sold by the Defendants herein. On July 12, 2010, Plaintiff was operating the subject saw during the course of his employment when the subject saw unexpectedly, rapidly and forcefully pulled the woodwork and Plaintiff's hand into the activated saw blade. Plaintiff suffered serious injuries including amputation of significant portions of Plaintiff's index and middle fingers. In their answer, Defendant WOLFE MACHINERY CO. (hereinafter "Wolfe") denied having refurbished, reconditioned, distributed and/or sold the subject saw. *See* Plaintiff's Exhibit 2. Further, Wolfe maintains that they only entered into a maintenance contract which included the subject saw after the subject incident. *See id.* Nevertheless, it is evident that Wolfe, a market leader in servicing discontinued Dewalt arm saw products, provided either maintenance or refurbishing services on the subject saw at some point as evidenced by the placement of a Wolfe sticker on the left side of the saw blade housing. *See* Plaintiff's Exhibit 3.

OSHA, by a Compliance Safety Health Officer(s) (COSHO) performed inspections of the subject saw and the worksite on both the day Plaintiff was injured, July 12, 2010, and the following day, July 13, 2010. *See* Plaintiff's Exhibit 4. The inspection included taking photographs of the subject saw immediately after the subject occurrence, though only three of these photographs were included in OSHA's case report. *See id.* Plaintiff served subpoenas on OSHA calling for certain

documents and records related to the inspection to be produced as well as requesting a deposition of a 30 (b)(6) witness with relevant knowledge and the deposition of the Compliance Safety Health Officer(s) who conducted the inspections. *See* Plaintiff's Exhibit 5.  In response to Plaintiff's subpoena, the Department of Labor (hereinafter "DOL") only partially complied by producing documents from OSHA's unredacted case file. *See* Plaintiff's Exhibit 6.  The DOL also refused to produce any OSHA employee, whether the employee who conducted the inspection of the subject saw or a 30(b)(6) witness, for a deposition pursuant to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *See* Plaintiff's Exhibit 7.  Further, the DOL maintained that they were not in possession of any photographs other than the three photographs included in the case file, having apparently discarded additional photographs. *See* Plaintiff's Exhibit 8.

## ARGUMENT

In *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court upheld a 7th Circuit Court of Appeals decision reversing an order of contempt.  The facts in *Touhy* involved an agent of the Federal Bureau of Investigation (hereinafter "FBI") who had been found in contempt for failing to comply with the terms of a subpoena even though the agent refused to comply with the subpoena based on regulations established by the FBI.  The court limited its decision to whether a subordinate in the Department of Justice (hereinafter "DOJ") could be held in contempt for complying with DOJ regulations. *See id.* at 467.  Indeed, the court was careful to note that "[t]he constitutionality of the Attorney General's exercise of a determinative power as to whether or on what conditions or subject to what disadvantages to the Government he may refuse to produce government papers under his charge must await a factual situation that requires ruling." *See id*.  The Court of Appeals of the Second Circuit has also accepted the limited nature of *Touhy* and has held on more than one occasion that agency decisions to refuse to comply with subpoenas are

reviewable under the § 702 of the Administrative Procedure Act (hereinafter "APA"). *See In re S.E.C. ex rel Glotzer*, 374 F.3d 184, 190 (2d Cir. 2004); *see also United States Envtl. Protection Agency v. General Elec. Co.*, 197 F.3d 592 (2d Cir. 1999); *United States Envtl. Protection Agency v. General Elec. Co.*, 212 F.3d 689 (2d Cir. 2000). However, the Second Circuit has not decided whether an agency's decision should be reviewed pursuant to the arbitrary and capricious standard of the APA (5 U.S.C. § 706(2)(A)) or the undue burden standard in Rule 34 of the Federal Rules of Civil Procedure. *See also Abdou v. Gurrieri*, 2006 WL 2729247 at *4 (E.D.N.Y. 2006).

Here, Plaintiff is entitled to the deposition under either standard. 5 U.S.C. § 706 empowers courts to "hold unlawful and set aside agency action, findings and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." OSHA never provided a sufficient reason for its refusal to produce the OSHA inspector. OSHA's regulations require that a subpoena contain a "written summary of the information sought" and prohibit employees from providing any information in response to a subpoena without the prior approval of the appropriate Deputy Solicitor of Labor. *See* 29 C.F.R. § 2.21 & 2.22. Regional Solicitor Jeffrey S. Rogoff's letter refusing Plaintiff's request, discusses the relevant law, including *Touhy*, but does not explain why the subpoena was rejected other than to conclusorily state that Plaintiff has "[a]s of this date … not complied with DOL's *Touhy* regulations." *See* Plaintiff's Exhibit 7. Despite the specificity of Plaintiff's subpoena, there was no indication of how Plaintiff's subpoena failed to comply with the Department of Labor's regulations. Indeed, the letter is completely silent as to what changes Plaintiff would have to make in order to comply with the regulations and resubmit the subpoena at a later date as the letter suggests would be necessary.

Moreover, Plaintiff has a compelling need to depose the OSHA employee because that employee is potentially the only person with information relevant to the case, namely whether or

3

not the subject saw contained stickers or other markings which would show that Wolfe, a company that for 30 years has specialized in providing after-market services for long-discontinued DeWalt® Radial Arm Saw products, either sold, refurbished, serviced or otherwise maintained, the subject saw before the date of accident. This court has repeatedly held that the extent to which the disclosure sought is otherwise available is an important part of the analysis. *See Solomon v. Nassau County*, 274 F.R.D. 455, 461 (E.D.N.Y. 2011) (holding that the Department of Veterans Affairs did not have to produce Plaintiff's treating doctors for a deposition in part because Plaintiff could simply have hired an expert to conduct an independent medical evaluation of Plaintiff and review relevant records); *Abdou v. Gurrieri*, 2006 WL 279247 at *4 (E.D.N.Y 2006) (holding that the FBI did not have to produce an agent for a deposition in part because Plaintiff had other avenues for finding the information including the depositions of Defendant); *Johnson v. Bryco Arms* 226 F.R.D. 441, 446 (E.D.N.Y 2005) (holding that the Bureau of Alcohol, Tobacco, Firearms and Explosives were not obligated to produce an agent for a deposition for the purpose of testifying regarding ATF inspections because the underlying evidence was still available to Plaintiff and such evidence should be the focus of the matter rather than the conclusions which ATF employees reached). The photographs included in the OSHA disclosures do not depict the subject saw from the left side which is where the Wolfe sticker currently appears. *See* Plaintiff's Exhibit 3. OSHA will not be faced with a significant burden in producing the inspector because Plaintiff seeks to depose the inspector for purposes that are very limited in scope, namely whether there was any indication on the subject saw that Wolfe had maintained it prior to the subject incident and OSHA's policy relating to the chain of custody of photographs in order to determine whether any additional photographs may in any way be recoverable.

5

## CONCLUSION

Plaintiff is entitled to take the deposition of the OSHA inspector who conducted the inspection of the subject saw under either the arbitrary and capricious standard or the undue burden standard. Accordingly, Plaintiff's motion should be granted.

Dated:     New York, New York
           August 16, 2016

                                          Respectfully submitted,

                                          GARY CERTAIN
                                          [GC-7509]