UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHARLES MANZO,

                                      Plaintiff,

        -against-

STANLEY BLACK & DECKER, INC.,
BLACK & DECKER (U.S.) INC., and
WOLFE MACHINERY CO.,

                                 Defendants.
----------------------------------------------------------x
STANLEY BLACK & DECKER, INC. and
BLACK & DECKER (U.S.) INC.,

                              Cross-claimants,

        -against-

WOLFE MACHINERY CO.,

                              Cross-defendant.
----------------------------------------------------------x
WOLFE MACHINERY CO.,

                              Cross-claimant,

        -against-

STANLEY BLACK & DECKER, INC. and
BLACK & DECKER (U.S.) INC.,

                              Cross-defendants.
----------------------------------------------------------x
STANLEY BLACK & DECKER, INC.,
BLACK & DECKER (U.S.) INC., and
WOLFE MACHINERY CO.,

                           Third Party Plaintiffs,

        -against-

**MEMORANDUM AND
ORDER**
13-CV-3963 (JFB) (SIL)

CVD EQUIPMENT CORPORATION,

                    Third Party Defendant.
--------------------------------------------------------x
CVD EQUIPMENT CORPORATION,

                         Counter-claimant,

    -against-

STANLEY BLACK & DECKER, INC.,
BLACK & DECKER (U.S.) INC., and
WOLFE MACHINERY CO.,

                         Counter-defendants.
--------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Presently before the Court is Plaintiff Charles Manzo's ("Plaintiff" or "Manzo") Motion to Compel non-party Department of Labor ("DOL"), Occupational Safety and Health Administration ("OSHA" or the "Non-Party") to comply with a subpoena dated March 27, 2015 (the "Subpoena") demanding the production of documents and a deposition of a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 30(b)(6) witness in connection with OSHA's inspection of an accident that occurred when Plaintiff was injured by a radial arm saw. *See* Notice of Motion ("Notice of Motion"), Docket Entry ("DE") [65]. OSHA, which has appeared in this matter as an interested party through the United States Attorney for the Eastern District of New York, opposes the Motion to Compel in its entirety and cross-moves to quash the Subpoena. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Compel and In Support of Non-Party Department of Labor's Cross-Motion to Quash ("OSHA's Mem. Law"), DE [67].

Defendants Stanley Black & Decker, Inc. ("Stanley Black & Decker") and Black & Decker (U.S.) Inc. ("Black & Decker (U.S.)") partially support Plaintiff's Motion to Compel and oppose OSHA's Cross-Motion to Quash, and Defendant Wolfe Machinery Co. ("Wolfe," and collectively "Defendants") joins Plaintiff's motion only as to compelling an OSHA employee to testify at a deposition. *See* August 31, 2016 Wolfe Letter ("8/31/2016 Wolfe Letter"), DE [63]; September 26, 2016 Affidavit of Robert A. Calinoff ("9/26/2016 Calinoff Decl."), DE [72]. For the reasons set forth herein, Manzo's Motion to Compel is denied without prejudice and with leave to renew, and OSHA's Cross-Motion to Quash is granted.

## I.   BACKGROUND

The Court accepts the following facts for the purpose of this motion.

### A. <u>The Parties</u>

Plaintiff is a resident of Suffolk County who commenced this action in connection with injuries he suffered when he was operating a DeWalt 16" radial arm saw, Model Number 3526 Type 4 (the "DeWalt Saw"). *See* Amended Complaint ("Am. Compl."), DE [18], ¶¶ 1,10. Defendants Stanley Black & Decker, a Connecticut corporation, and Black & Decker (U.S.), a Maryland corporation, are designers, manufacturers, distributors, and sellers of power tools including DeWalt radial arm saws. *Id*. at ¶¶ 2-5. Defendant Wolfe, incorporated under the laws of Iowa, "remanufactures, refurbishes, reconditions, [and] distributes power tools, including radial arm saws under the DeWalt trademark."[1] *Id*. at ¶¶ 6-7.

---

[1] Plaintiff's employer CVD Equipment Corporation is also a third party defendant and counter-claimant in this matter, although it is not involved in the current motions.

## B. **Plaintiff's Claims**

This action stems from injuries Manzo sustained while he was operating the DeWalt Saw. Although the Amended Complaint does not state the nature of his work, on July 12, 2010, Plaintiff was operating the machine during the course of his employment when it "unexpectedly and rapidly pulled the woodwork and Manzo's guide hand into the activated saw blade." *Id.* at ¶ 19. The malfunction resulted in the amputation of a significant portion of Manzo's index and middle fingers. *Id.* at ¶ 20.

The day after the accident, an OSHA Compliance Safety Health Officer inspected the DeWalt Saw and the worksite where Manzo was injured (the "Inspection"). *See* Attorney Declaration ("Certain Decl."), DE [66], at Ex. 4, U.S. Department of Labor OSHA Inspection Report ("Inspection Report"), DE [66-4]. In connection with that investigation, the OSHA officer completed an Inspection Report and took pictures of the DeWalt Saw, three of which are attached to the report. *See id.*[2]

Three years later on July 12, 2013, Plaintiff commenced this action against Defendants, amending the Complaint six months later. *See* Complaint ("Compl."), DE [1]; Am. Compl. Manzo alleges claims for negligence, breach of warranty, and strict products liability in connection with Defendants' purported designing, manufacturing, inspecting, testing, servicing, remanufacturing, supplying, selling,

---

[2] Whether more pictures were taken is a matter of dispute between the parties and OSHA. However, as the Court grants OSHA's Motion to Quash, it does not address the issue at this time. Rather, Plaintiff may raise it again should it renew its Motion to Compel.

assembling and distributing of the DeWalt Saw. *See generally* Am. Compl. Plaintiff claims that his employer had purchased the DeWalt Saw which "bears labeling and commercial marks of defendants," and was "refurbished, reconditioned, distributed and sold" by Wolfe. *See id.* at ¶¶ 11, 15. In support of his contention that Wolfe refurbished the machine, Manzo points to a Wolfe sticker located on the left side of the DeWalt Saw guard. *See* Certain Decl. at Ex. 3, Photograph of Subject Saw (the "Photograph"), DE [66-3]. Wolfe denies that it ever refurbished the machine. *See* Answer to Amended Complaint ("Wolfe Answer"), DE [19], ¶ 1. However, as none of the pictures taken by OSHA depict the left side of the DeWalt Saw, whether the sticker was placed on the machine before or after the accident remains unclear.

### C. **The Current Dispute**

#### 1. The Subpoena

On April 9, 2015, Plaintiff served the Subpoena on OSHA demanding the production of documents and a Rule 30(b)(6) witness for a deposition in connection with the Inspection. *See* Certain Decl. at Ex. 5, Subpoena to Compel Non-Party Deposition(s) and Production of Documents and Things Pursuant to Rules 45, 30(b)(6) and 34(c), DE [66-5]. Manzo demanded testimony of a witness with knowledge of the identity, observations, and findings of the OSHA employee who conducted the Inspection, as well as familiarity with other general OSHA investigations, procedures, and retention policies. *See id.* Plaintiff also sought the production of documents related to the Inspection and worksite, as well as documents regarding

other DeWalt radial arm saws of the same model. *Id.* The Subpoena, which was unaccompanied by any other documents, was returnable on April 17, 2015. *Id.*

OSHA did not respond to the Subpoena by the return date. Shortly thereafter, counsel for OSHA explained to Plaintiff's attorney via email that she was unable to review the request because Manzo failed to comply with regulatory prerequisites for when a party seeks discovery from a federal agency that is a non-party to a lawsuit. *See* Declaration of Diane C. Sherman ("Sherman Decl."), DE [68], at Ex. B, Email dated April 14, 2015 ("4/14/2015 Email"); Ex. C., Email dated April 24, 2015 ("4/24/2015 Email"). OSHA memorialized these requirements in a formal letter to Manzo's counsel dated May 19, 2015, where it explained that the prerequisites are lawful pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416 (1951) and codified under 29 C.F.R. § 2.21 (hereinafter referred to as the "DOL *Touhy* Regulations."). *See* Certain Decl. at Ex. 7, May 19, 2015 Letter ("5/19/2015 Letter"), DE [66-7]. OSHA's counsel explained that the DOL *Touhy* Regulations require that when discovery is requested from the DOL, the requesting party must provide a written summary demonstrating that "the information sought is both relevant and essential to the presentation of his or her case, there are not reasonable alternative means for acquiring the information sought, and that a significant injustice would ensue if the desired testimony or records were not to be made available." *See id.* (quoting *Herr v. McCormick Grain-Heiman Co.*, No. 92-1321, 1994 WL 324558, at *2 (D. Kan. June 28, 1994)).

OSHA claimed that Manzo failed to set forth a written statement summarizing this information. *Id.* As such, it objected to the production of a 30(b)(6) witness, noting, however, that it would reconsider the deposition request if Plaintiff "provide[s] the required information to this office." *Id.* Regarding the production of documents, OSHA did agree to produce, as a "courtesy," the "entire unredacted case file." *Id.* This includes the three pictures taken by OSHA, and its counsel indicated that these were the only three pictures in the agency's possession. *See* Certain Decl. at Ex. 8, May 19, 2015 E-mail ("5/19/2015 E-mail"), DE [66-8]. One month later, after Plaintiff requested digital versions of the pictures, OSHA sent Manzo color printed copies of the same three photographs. *See* August 22, 2016 Letter Motion ("8/22/2016 OSHA Motion"), DE [61], 2.

2. Subsequent Motion Practice

Over one year later in August 2016, Manzo filed a letter motion with this Court seeking to compel OSHA to comply with the portion of the Subpoena requesting that an employee be produced for a deposition. *See* Plaintiff's July 25, 2016 Letter Motion ("Pl.'s 7/25/2016 Letter Motion"), DE [57]. The Black & Decker Defendants joined in the motion, further asserting without citation or support that "the OSHA inspector's photographs have been spoliated by the agency," as they were previously "advised that many other photographs have been destroyed." *See* Black & Decker Defendants' July 26, 2016 Letter ("Black & Decker Def.'s 7/26/2016 Letter"), DE [58]. No party, however, served a copy of the letter motion on OSHA, and, as a result, the Court declined to rule. *See* Minute Order ("7/27/2016 Minute Order"), DE [59]. Instead, the

Court instructed Manzo to serve his motion, or a revised version thereof, on all interested parties including OSHA on or before August 17, 2016.[3]  *Id.*

Plaintiff thereafter served on OSHA his fully briefed Motion to Compel, which only addresses the failure to produce a witness for a deposition and not the production of documents.  *See* Memorandum of Law in Support of Plaintiff's Motion to Compel Non-Party Occupational Safety and Health Administration ("Pl.'s Mem. Law"), DE [65-1].  In his motion, Manzo argues that he complied with the DOL *Touhy* Regulations, but that the Non-Party refused to produce an employee for a deposition and "apparently discarded additional photographs."  *Id.* at 2-3.  Plaintiff explains that the deposition is necessary because the OSHA employee is potentially the only person who may know whether the DeWalt Saw was marked by the Wolfe sticker before the date of the accident, important to liability in this matter.  *See id.* at 3-4.  The Black & Decker Defendants joined in this motion, again asserting that OSHA "spoliat[ed]" photographs."  *See* August 24, 2016 Affidavit of Robert A. Calinoff ("8/24/2016 Calinoff Decl."), DE [62]; 9/26/2016 Calinoff Decl.

Prior to serving any opposition, the United States Attorney, on behalf of OSHA, sent a letter to Plaintiff requesting that he withdraw his motion, again asserting that the Non-Party was unable to respond to his requests due to a lack of compliance with the DOL *Touhy* Regulations.  *See* Declaration of Assistant U.S. Attorney Rukhsanah Singh ("Singh Decl."), DE [69], at Ex. 1, August 19, 2016 Letter ("8/19/2016 Letter").

---

[3] At the hearing, Plaintiff was also advised to withdraw his July 25, 2016 Letter Motion to Compel, DE [57], if he served a revised version of the Motion to Compel on OSHA.  Although he served the revised Motion to Compel, he failed to withdraw the original motion as instructed.  As such, the July 26, 2016 Letter Motion to Compel, DE [57], is denied as moot.

Specifically, the agency requested that Plaintiff provide: "(1) a detailed summary of the documents or information sought; (2) a copy of the pleadings; and (3) an affidavit or specified written statement describing: (a) the relevance of the information sought; (b) whether there are reasonable alternative means for acquiring the information sought; and (c) whether a significant injustice would ensue if the desired testimony or records were not to be made available." *Id.* (internal quotation marks omitted). One month later, Plaintiff sent OSHA a letter agreeing to limit the scope of the deposition to "observations and recollection concerning the July 12, 2010 inspection as well as the means by which the inspection photographs were stored in order to determine whether data recovery is at all possible." *See* Singh Decl. at Ex. 2, September 7, 2016 Letter ("9/7/2016 Letter"). He did not, however, serve a revised subpoena reflecting the change in scope of the sought after testimony, nor did he withdraw the Motion to Compel.

OSHA thereafter moved this Court to dismiss Manzo's Motion to Compel as premature. *See* 8/22/2016 OSHA Motion. The agency again explained that Plaintiff failed to provide a written statement as required by the DOL *Touhy* Regulations that includes a summary of the information sought, its relevance to the proceeding, whether there are any other reasonable alternative means for acquiring the information, and whether an injustice would ensue if OSHA did not provide the information. *Id.* It therefore asked that the Court deny Manzo's motion without prejudice "so that [he] may first comply with the DOL *Touhy* regulations and permit the DOL an opportunity to review a completed request that complies with the

regulations." *Id.* at 2. As briefing on the motion had already begun, the Court reserved decision on this portion of the Non-Party's motion.[4] OSHA thereafter served its opposition, encompassing similar arguments as in their letter motion to the Court. *See* OSHA's Mem. Law. Manzo's reply brief followed, where he again asserts that he has complied with the DOL *Touhy* Regulations. *See* Memorandum of Law in Further Support of Plaintiff's Motion to Compel and in Opposition to Non-Party Department of Labor's Cross Motion ("Pl.'s Reply Mem."), DE [70].

## II. LEGAL STANDARD

### A. *Touhy* Regulations

The federal "housekeeping statute," 5 U.S.C. § 301, permits the head of an executive agency to prescribe regulations "for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301; *see also Herr*, 1994 WL 324558, at *1 ("Congress has empowered federal agencies to enact what has been referred to as 'housekeeping rules' that pertain to the disclosure of agency information."). The authority for these housekeeping statutes was upheld by the Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416 (1951). There, the Supreme Court found that a subordinate of the Department of Justice could lawfully refuse to obey a subpoena *duces tecum* regarding documents in the possession of the Department based on a regulation issued by the Attorney General. *See Touhy*, 340 U.S. at 467-68; 71 S. Ct. at 418-19. Since *Touhy*, there has

---

[4] In the same motion, OSHA also asked for an extension of time to respond to Plaintiff's motion, which was granted. *See* Electronic Order dated 8/25/2016.

been an "unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989); *see also Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986) ("In *Touhy,* the Supreme Court held that subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary.").

Agencies have since "refer[red] to requests for records or testimony from federal agencies or employees under these types of regulations as '*Touhy* requests.'" *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 457 (E.D.N.Y. 2011). These types of regulations are commonplace for different agencies, and have been upheld by courts across the country, including those in this circuit. *See, e.g.*, *Swett*, 792 F.2d at 1451 (finding that the National Transportation Safety Board *Touhy* regulation is "validly promulgated and has the force of law."); *Cox v. United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, No. 91-2358, 1993 WL 244963, at *2 (D. Kan. May 27, 1993) (granting a motion to quash a subpoena where a DOL employee refused to produce documents in response to a subpoena in light of *Touhy* regulations); *Solomon*, 274 F.R.D. at 457-58 (granting a motion to quash in light of *Touhy* regulations set by the Department of Veterans Affairs).

The DOL has its own set of *Touhy* regulations, which are codified throughout 29 C.F.R. §§ 2.20–2.25. *See Metcalfe v. Ultimate Sys., Ltd.*, 346 F. Supp. 2d 950, 954

(N.D. Ohio 2004) (finding the DOL *Touhy* Regulations "substantively identical to those in *Touhy*"). These regulations state, in pertinent part:

> Whenever an employee or former employee of the Department receives a demand for the production of material or the disclosure of information described in § 2.20(a) [setting forth the purpose, scope, and definitions of the DOL *Touhy* Regulations], he shall immediately notify the appropriate Office of the Solicitor. The appropriate Office of the Solicitor shall be furnished by the party causing the subpoena to be issued with a written summary of the information sought and its relevance to the proceeding in connection with which it was served. The Associate Solicitor, Regional Solicitor, or Associate Regional Solicitor, whichever is appropriate, may waive the requirement that a written summary be furnished where he or she deems it to be unnecessary. The election to waive the requirement of a written summary in no way constitutes a waiver of any other requirement set forth in this subpart.

29 C.F.R. § 2.21. Until an employee receives authorization from the Deputy Solicitor of Labor, that individual is prohibited "from furnishing any information in response to a subpoena . . . ." *Hotel Employees-Hotel Ass'n Pension Fund v. Timperio*, 622 F. Supp. 606, 607 (S.D. Fla. 1985); *see also* 29 C.F.R. § 2.22 ("No employee or former employee of the Department of Labor shall . . . produce any material contained in the files of the Department . . . without approval of the appropriate Deputy Solicitor of Labor.").

When the Deputy Solicitor of Labor receives the requisite information under the regulations, the official "must apply a balancing test where [he or she] must weigh the plaintiff's need for the testimony against the adverse effects on the Department of Labor's concerns." *See Baker v. U.S., Dep't of Labor*, 31 F. Supp. 2d 985, 987 (S.D. Fla. 1998), *order amended on reconsideration sub nom. Baker v. United States*, No. 97-7387, 1998 WL 1085734 (S.D. Fla. Oct. 7, 1998). Policy justifications underlying

a refusal to produce documents include "conserv[ing] governmental resources where the United States is not a party to a suit, and [] minimiz[ing] governmental involvement in controversial matters unrelated to official business." *Boron Oil Co.*, 873 F. 2d at 70. At least one court has highlighted the burden third-party subpoenas place on OSHA, explaining: "[i]f OSHA employees were routinely permitted to testify in private civil suits, significant loss of manpower hours would predictably result." *Reynolds Metals Co. v. Crowther,* 572 F. Supp. 288, 290 (D. Mass. 1982).

## B. <u>Review of an Agency's Denial of a *Touhy* Request</u>

Although litigants may seek judicial review of an agency's denial of a *Touhy* request, there currently is a split in the Circuit Courts as to the standard that should apply. *See Solomon*, 274 F.R.D. at 458 ("There is [] currently a circuit split with respect to the appropriate standard of review for determining whether a federal agency has properly refused to comply with a third party subpoena."). Some circuits utilize the arbitrary and capricious standard set forth in Section 706 of the Administrative Procedure Act ("APA"), whereas others rely on the standards set forth in Fed. R. Civ. P. 26 and 45, which federal courts typically apply in analyzing non-party subpoenas. *Compare COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999) (reviewing an agency's refusal to comply with a subpoena under the arbitrary and capricious standard) *with Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 778-79 (9th Cir. 1994) (analyzing the denial of a *Touhy* request pursuant to the Federal Rules) and *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *2 (E.D. Mich. May 10, 2011) ("This Court concludes that the Sixth

Circuit would join the opinions of those courts, mostly in this century, that have concluded that Federal Rule of Civil Procedure 45 and various available privilege rules provide sufficient limitations on discovery to adequately address legitimate governmental interests in objecting to a motion to compel compliance with a valid federal court subpoena.").

The Second Circuit has not yet established which standard of review to apply. *See Abdou v. Gurrieri*, No. 05-CV-3946, 2006 WL 2729247, at *4 (E.D.N.Y. Sept. 25, 2006) ("The Second Circuit has not decided which standard of review applies in determining whether a federal agency has properly refused to comply with a subpoena: the arbitrary and capricious standard of the APA . . . or the standard set forth in Rule 45 of the Federal Rules of Civil Procedure . . . ."). Although the Second Circuit initially adopted the arbitrary and capricious standard in a 1999 opinion, on reconsideration, it withdrew this prior ruling and declined to adopt either standard. *See U.S. E.P.A. v. Gen. Elec. Co.*, 212 F.3d 689, 689 (2d Cir. 2000) (amending on reconsideration *U.S. E.P.A. v. Gen. Elec. Co.*, 197 F.3d 592, 594 (2d Cir. 1999)). Since then, the applicable standard of review in this Circuit remains "far from settled." *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 191 (2d Cir. 2004).

Subsequent to the Second Circuit's *General Electric* opinion in 2000, some District Courts have solely applied the arbitrary and capricious standard set forth in Section 706 of the APA. *See, e.g.*, *Meisel v. F.B.I.*, 204 F. Supp. 2d 684, 689-90 (S.D.N.Y. 2002) (analyzing an agency's refusal to comply with a non-party subpoena only pursuant to the APA). This standard is significantly more deferential to the

governmental agency, and the Supreme Court has described the scope of this review as "narrow." *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 2866 (1983) (citations omitted); *see also Beckett v. Serpas*, No. CIV.A. 12-910, 2013 WL 796067, at *8 (E.D. La. Mar. 4, 2013) ("I will apply the APA standard, which is more deferential to the Department."). In analyzing whether an agency's determination was arbitrary and capricious, "a court is not to substitute its judgment for that of the agency" but rather must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Motor Vehicle Mfrs. Ass'n of U.S., Inc.*, 463 U.S. at 43, 103 S. Ct. at 2866-67 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285, 95 S. Ct. 438, 442 (1974)).

Prior to reviewing whether an agency's determination is arbitrary and capricious, the APA requires that there be a "final agency action for which there is no other adequate remedy in a court.'" *Meisel*, 204 F. Supp. 2d at 689 (quoting 5 U.S.C. § 704)); *see also Top Choice Distributors, Inc. v. U.S. Postal Serv.*, 138 F.3d 463, 466 (2d Cir. 1998) ("Finality is an explicit requirement of the APA . . . ."). Without this requisite finality, a court lacks jurisdiction to review the agency determination. *See Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999) ("The APA explicitly requires that an agency action be final before a claim is ripe for review . . . . This requirement of finality is jurisdictional . . . ."). In determining whether an agency's action is final, two conditions must be satisfied: "First, the action must mark the consummation of the agency's decisionmaking process . . . it must not be of a merely tentative or

interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow . . . ." *Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S. Ct. 1154, 1168 (1997) (internal quotation marks and citations omitted).

Other District Courts have opted to apply the "requester-friendly" standard of the Federal Rules, also referred to as the "undue burden" standard. *See Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 226 (S.D.N.Y. 2013) (applying the "requester-friendly standard set forth in Rule 45"); *In re PE Corp. Sec. Litig.*, No. 3:00 CV 705, 2005 WL 806719, at *7 (D. Conn. Apr. 8, 2005) (applying the standard set forth in the Federal Rules). In applying the Federal Rules in the context of reviewing an agency's denial of a *Touhy* request, courts "determine whether it would be an undue burden for the government to produce the requested employees, and to weigh that burden against the Plaintiff's need for the testimony." *Solomon*, 274 F.R.D. at 458; *see also* Fed. R. Civ. P. 26(c)(1) (permitting a Court to issue an order protecting a "party or person" from "undue burden or expense" in connection with a discovery request); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . ."); *Anwar*, 297 F.R.D. at 226 ("[T]he Court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.") (internal quotation marks omitted). Whether to compel compliance with a request for discovery remains in the discretion

of the District Court. *See In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court.") (internal quotation marks omitted).

Although these Courts applying the Rule 45 standard have not expressly addressed whether an agency's objection to a subpoena needs to be a final decision, these decisions enforcing the subpoena all follow final agency determinations. *See, e.g., Anwar*, 297 F.R.D. at 225 (analyzing a motion to compel the SEC to comply with a subpoena under the Federal Rules after the agency "denied the Defendants' request to depose the nine witnesses"); *Abdou*, 2006 WL 2729247, at *3-*5 (finding the DOJ's refusal to permit a detective to testify as "a final agency action" and applying both standards of review); *In re PE Corp. Securities Litig.*, 2005 WL 806719, at *7 (applying the Federal Rules standard after the Department of Health and Human Services denied the plaintiff's request to produce a witness for a deposition).

District Courts have varied in their approach in determining which standard to apply. Although some have opted for one standard over the other without any explanation, some, including those in the Second Circuit, choose the standard that "is more favorable to the ultimately losing party, since the result would presumptively be the same under the other standard that is less deferential to that party." *Beckett*, 2013 WL 796067, at *8; *see also Johnson v. Folino*, 528 F. Supp. 2d 548, 551 (E.D. Pa. 2007) ("[E]ven if the Court adopts the less deferential Rule 45 analysis, the motion to compel will not be granted."); *Fischer v. Cirrus Design Corp.*, No. CIVA503, 2005 WL 3159658, at *4 (N.D.N.Y. Nov. 23, 2005) ("Because I find that even under this

significantly deferential standard [under the APA] the agency's refusal to honor the subpoena issued cannot pass muster, I find it unnecessary to resolve this issue and determine whether a more relaxed burden should apply."). Still, others have declined to decide the question, electing otherwise to analyze the case before them under both standards, particularly where the end result is the same. *See, e.g.*, *Solomon*, 274 F.R.D. at 458 ("However, because the Court would reach the same result under either standard, it is unnecessary to decide which standard of review is applicable.") *Abdou*, 2006 WL 2729247, at *4 ("The Court finds that, under either standard, the subpoena for testimony should be quashed."); *Johnson v. Bryco Arms*, 226 F.R.D. 441, 445 (E.D.N.Y. 2005) ("In the instant case there is no need to decide what burden applies. Whatever the standard, the Magistrate Judge's decision should be affirmed on the merits and for the reasons she relies on.").

In this case, the Court need not decide which standard applies as Plaintiff has failed to comply with the DOL *Touhy* Regulations, which in the Court's view is a prerequisite to his Motion to Compel. *See Denny v. Carey*, 78 F.R.D. 370, 372 (E.D. Pa. 1978) ("When a party seeking discovery from such departments has not complied with the [*Touhy*] regulations, a motion for discovery of such material must be denied."). Further, the agency has not yet provided a final determination as to the information sought. Accordingly, Plaintiff's Motion to Compel is premature.

## III. DISCUSSION

Keeping these standards in mind, the Court turns to the parties' cross-motions. Plaintiff argues that his demands have complied with the DOL *Touhy* Regulations,

and that OSHA's refusal to produce the requested discovery fails under both the arbitrary and capricious standard of the APA and the undue burden standard set forth in the Federal Rules of Civil Procedure. *See* Pl.'s Mem. Law; Pl.'s Reply Mem. Unsurprisingly, OSHA contests Manzo's analysis, steadfast in its assertion that Plaintiff has yet to comply with the DOL *Touhy* Regulations. *See* OSHA's Mem. Law. Upon review, the Court agrees with OSHA for two reasons: (1) Manzo has failed to comply with the DOL *Touhy* Regulations; and (2) OSHA has not yet issued a final agency action that is subject to judicial review.

### A. Plaintiff Failed to Comply with the DOL *Touhy* Regulations

As an initial matter, the Court notes that Manzo has made two different requests from the time he originally served the Subpoena until the completion of the briefing of his Motion to Compel. Manzo originally served the Subpoena on OSHA on April 9, 2015, requesting discovery regarding the Inspection and information beyond the scope of the accident. *See* Subpoena. This Subpoena was unaccompanied by any written statement setting forth the supplemental information required pursuant to the DOL *Touhy* Regulations. In the midst of the briefing on this motion, specifically on September 7, 2016, Plaintiff sent a letter to OSHA limiting the scope of the testimony he sought and explaining its relevance, but never served a revised subpoena. *See* 9/7/2016 Letter. Accordingly, the Court first addresses whether Plaintiff's original Subpoena complied with the DOL *Touhy* regulations, and, if not, whether his September 7, 2016 Letter and briefing on the Motion to Compel cured any deficiencies.

### 1. The Subpoena

Turning first to the unaccompanied Subpoena, the Court finds that Manzo's initial demand for discovery failed to comply with the DOL *Touhy* Regulations. Based on the text of the regulations, a party requesting disclosure from the DOL must provide the agency with two pieces of written information: (1) a summary of the information sought; and (2) its relevance to the proceeding. *See* 29 C.F.R. § 2.21. Manzo served his seven-page Subpoena on April 9, 2015, which lists eighteen topics of testimony for the deposition witness and fifteen document requests. *See generally* Subpoena. Although this satisfies the summary of information sought, he provided no supporting written statement concerning this information or the relevance of the discovery subject to the proceeding. *Cf. Meisel*, 204 F. Supp. 2d at 689 (finding compliance with *Touhy* regulations where plaintiff submitted a subpoena accompanied by a "Statement of Scope and Relevancy"). Although OSHA notified Plaintiff of this deficiency numerous times, sending him the text of the *Touhy* regulations and explaining that the agency required "a written summary of the information sought and its relevance to the proceeding," this material was never provided prior to the filing of this Motion to Compel. *See* 5/19/2015 Letter at 2; 4/14/2015 Email. Accordingly, Plaintiff's initial request failed to comply with the DOL *Touhy* Regulations.

### 2. Subsequent Attempts to Cure

After serving the Motion to Compel, Plaintiff provided OSHA with additional information regarding his discovery request. By way of letter dated September 7,

2016, Manzo agreed to limit the scope of the deposition to "observations and recollection concerning the July 12, 2010 inspection as well as the means by which the inspection photographs were stored in order to determine whether data recovery is at all possible." *See* 9/7/2016 Letter. In requesting the information, he argued that the OSHA employee is the only person that inspected the DeWalt Saw around the time of the injury, which is significant because that employee can help decipher whether the Wolfe sticker was on the machine at the time of the accident. *See* Pl.'s Mem. Law at 3-4; 9/7/2016 Letter; Pl.'s Reply Mem. at 6.

While this correspondence and briefing provide relevant information, this after-the-fact attempt to satisfy the DOL *Touhy* Regulations fails to cure the underlying deficiency. The requirements of the regulations are clear and straightforward. Plaintiff failed to satisfy them. Instead he uses a hodgepodge of follow up correspondence and briefing to modify his requests and compel production in a way not provided for in the regulations. Ordering OSHA to respond to these modified discovery requests places an undue burden on the agency. The information OSHA seeks pursuant to the federal regulations is scattered across two briefs and a one-page letter dated a year-and-a-half after service of the original Subpoena. And, although Manzo limited the scope of the discovery he requests, he failed to serve a revised subpoena on the agency with accompanying information, leaving OSHA to guess as to what exactly Plaintiff is seeking. Requiring OSHA to piece together this information places a substantial burden on an agency that could be saddled responding to unclear and confusing discovery requests if motions like Manzo's are

granted. *See Reynolds*, 572 F. Supp. at 290 ("Because of the nature of the programs it administers and enforces, OSHA is particularly vulnerable to the demands of private parties seeking information acquired as a result of official investigations concerning industrial accidents and other mishaps in the workplace.").

Moreover, permitting Plaintiff to comply with the DOL *Touhy* Regulations through subsequent correspondence and motion practice invites unnecessary litigation and allows parties to circumvent the federal housekeeping statute and regulations promulgated thereunder. Such a result could not have been intended by the legislature in enacting the housekeeping statute allowing for these regulations— the purpose of which is to centralize decision-making and reduce the burden on governmental agencies. *See Boron Oil Co.*, 873 F. 2d at 70 (explaining the purpose of *Touhy* regulations as to "conserve governmental resources where the United States is not a party to the suit, and to minimize governmental involvement in controversial matters unrelated to official business."); *Denny*, 78 F.R.D. at 372 ("We are aided in reaching that conclusion by our certainty that plaintiff has sought the report in a way that comports with the purpose of the Federal Housekeeping Statute and the regulations promulgated thereunder, i. e., centralized decision-making as to disclosure . . . .").

Accordingly, for the reasons set forth above, the Court finds that Manzo's subsequent correspondence and motion practice fail to cure his Subpoena's deficiencies. As a result, his motion to compel is denied and the cross-motion to quash is granted. *See Sec. & Exch. Comm'n v. Biopure Corp.*, No. 05-00506, 2006 WL

2789002, at *4 (D.D.C. Jan. 20, 2006) ("There is no indication that Biopure has complied with the FDA's *Touhy* regulations in an effort to obtain discovery and accordingly, Biopure's Motion to Compel should also be denied on those grounds and the FDA's Motion to Quash should be granted.").

### B. <u>There Is No Final Agency Action For the Court to Review</u>

There is a second reason to deny Plaintiff's motion and grant OSHA's cross-motion—there is no final agency decision for the Court to review. As set forth above, pursuant to the APA, a Court lacks jurisdiction if an agency has not yet issued a final agency action. *See Estrella v. Menifee*, 275 F. Supp. 2d 452, 461 (S.D.N.Y. 2003) ("The finality requirement [of the APA] is jurisdictional . . . ."). And, although finality is not a jurisdictional requirement under the Federal Rules of Civil Procedure, courts that have chosen to review an agency action pursuant to the Federal Rules only do so once an agency has denied a request for discovery, which courts have considered a final decision on behalf of an agency. *See, e.g.*, *Anwar*, 297 F.R.D. at 225-26 (analyzing a motion to compel under the Federal Rules after an agency denied Defendants' request to produce deposition witnesses); *Abdou*, 2006 WL 2729247, at *3-*5 (applying both standards of review after determining that an agency's decision was final).

Based on the record before the Court, OSHA has not yet issued a final determination in response to Plaintiff's Subpoena. Rather, OSHA has repeatedly explained to Manzo that it is declining his request at this time, but that the request will be reconsidered once Plaintiff satisfies the DOL *Touhy* Regulations. *See*

5/19/2015 Letter ("[I]f you provide the required information to this office, we will promptly consider your request and determine whether the prohibition should be lifted based on compelling circumstances."); 8/19/2016 Letter ("DOL is not refusing at this time to produce witnesses.  DOL simply cannot do so until you comply with the applicable *Touhy* regulations.  The undersigned is fully prepared to work with you to accomplish this in a quick and expeditious manner."); 8/22/2016 OSHA Motion ("DOL is not refusing to produce any witnesses at this time.  Rather, DOL simply cannot produce [] until Plaintiff complies with the applicable regulations . . . .").  OSHA's statements that it is "not refusing at this time to produce" and that it will "promptly consider" the discovery demand upon receipt of the relevant information signify that the agency has not yet finalized its decision-making process, undermining a finding of a final agency action.[5]  *See Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S. Ct. 2767, 2773 (1992) ("The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.").  As such, without a final agency action, Plaintiff's motion is premature.  *See Meisel*, 204 F. Supp. 2d at 685-90 (explaining that even where the

---

[5] The Court recognizes that OSHA, in opposition, attacks Plaintiff's grounds for relevancy and the necessity of the information sought, which goes beyond merely requesting that Manzo comply with the DOL *Touhy* Regulations.  *See* OSHA's Mem. Law at 13-15.  However, as OSHA asserts these arguments solely in opposition to the Motion to Compel, and in light of the sensitive balance between administrative agencies and the courts, the Court does not find that OSHA's arguments in its opposition constitute a final agency action.  *See Aquavella v. Richardson*, 437 F.2d 397, 404–05 (2d Cir. 1971) ("Whether an agency action is final for purposes of the APA should not depend on semantic characterizations but rather on a careful evaluation of the separate but coordinate functions of courts and administrative agencies and of the impact of the challenged action on the parties.").

moving party has complied with the applicable *Touhy* regulations, the motion to compel will be denied where the opposing agency's conduct is not final).

Without a final determination by the agency, there is nothing here for the Court to review. Accordingly, Plaintiff's Motion to Compel is again denied and OSHA's Cross-Motion to Quash is granted.

### C. <u>Next Steps</u>

For the reasons set forth above, Plaintiff's Motion to Compel is denied and OSHA's Cross-Motion to Quash is granted. Manzo, however, is permitted to renew his request for discovery, and, if necessary, his Motion to Compel. Should he choose to do so, he is directed to serve on OSHA: (1) a revised subpoena outlining the exact discovery he seeks; (2) an accompanying declaration explaining the relevance of the information requested, whether there are reasonable alternative means for acquiring the discovery, and whether a significant injustice would ensue if the desired information were not to be made available; and (3) a copy of the all the pleadings filed in this action.[6] Upon service of the revised subpoena and related documentation, Manzo and OSHA are directed to meet and confer regarding the discovery Plaintiff seeks. If the parties cannot agree on how to proceed, OSHA should issue a final determination. Plaintiff may then, if appropriate, renew his Motion to Compel.

---

[6] OSHA also asserts that Plaintiff must provide a copy of the pleadings as part of the DOL *Touhy* Regulations, a requirement not set forth in the text of the regulations. *See* OSHA's Mem. Law at 1. Further, as the United States on behalf of OSHA has filed a Notice of Appearance in this action and has access to the docket, the Non-Party also has access to all the pleadings in this matter. *See* Notice of Appearance ("Singh Appearance"), DE [60]. That being said, in order to facilitate this proceeding, the Court directs Plaintiff to serve a copy of all the pleadings in this matter on OSHA with the revised subpoena.

**IV. CONCLUSION**

For the reasons set forth herein: (1) Manzo's Motion to Compel Depositions from OSHA Employees, DE [57], is denied as moot; (2) Plaintiff's Motion to Compel, DE [65], is denied without prejudice to renew; and (3) OSHA's Cross-Motion to Quash, DE [67], is granted.

Dated:     Central Islip, New York     **SO ORDERED**
            March 30, 2017

                                   s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge